# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-709V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
KRISTINE R. BELL,                         \*
                                          \*   Filed: November 10, 2015
       Petitioner,                  \*
                                          \*   Special Master Corcoran
       v.                            \*
                                          \*   Decision; Interim Attorney's Fees and
SECRETARY OF HEALTH AND                   \*   Costs; Hepatitis B Vaccines; Acute
HUMAN SERVICES,                           \*   Disseminated Encephalomyelitis
                                          \*   ("ADEM").
       Respondent.                  \*
                                          \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard H. Moeller*, Bernstein, Moore, Heffernan, Moeller & Johnson, LLP, Sioux City, IA, for Petitioner.

*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DENYING INTERIM COSTS REQUEST[1]

On September 23, 2013, Kristine Bell filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The parties have completed filing relevant medical records and have obtained experts to testify on their behalf, and an entitlement hearing in the matter is currently set for January 28-29, 2016. Petitioner has now requested an interim award of costs in the amount of $13,600, for reimbursement of sums paid to her two experts for their services to date. As discussed below, I hereby **DENY** Petitioner's Motion.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) (the "Vaccine Act" or "Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

**Brief Summary of Facts and Procedural History**

This matter has been pending for just over two years, and is scheduled for an entitlement hearing in January of 2016. Ms. Bell alleges that the hepatitis B vaccines that she received between December of 2011 and June of 2012 caused her suffer acute disseminated encephalomyelitis. In support of her claim, she has filed two expert reports from Thomas Morgan, MD, a neurologist, and a single expert report from David Axelrod, MD, an immunologist. Respondent for her part has also offered an expert opinion.

On August 25, 2015, Petitioner filed a request for an interim fees and costs award solely to cover costs incurred in the retention of Drs. Axelrod and Morgan. ECF No. 44 ("Costs Mot."). As set forth therein, Ms. Bell asserts that an interim award is reasonable because (a) the claim was filed in good faith and has a reasonable basis; and (b) her experts' respective hourly rates, plus the work they have performed, are reasonable. Costs Mot. at 2-7. Respondent opposed the costs motion on September 25, 2015, arguing that the "special circumstances" (as set forth by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008)) for such an award are lacking, given that the sum requested is not particularly large, plus the fact that it appears counsel, rather than Petitioner, incurred the costs at issue. ECF No. 46 ("Opp.") at 7-8. Respondent further questions whether reasonable basis for the claim can be determined before the experts testify. Opp. at 10. She also challenges the number of hours both experts devoted to the matter (although she does not contest the reasonableness of the hourly rates requested). *Id.* at 11-12.

**Relevant Law**

Interim fees and costs awards are available to Vaccine Program petitioners. *Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352; *see also McKellar v. Sec'y of Health and Human Servs.*, 101 Fed. Cl. 297, 302 (2011). *Avera* sets forth three criteria to be among those considered in evaluating whether to grant an interim fees or costs award: whether (i) the case is protracted; (ii) the case involves costly expert testimony; and/or (iii) the case involves undue hardship. 515 F.3d at 1352.

Although there is debate as to how the *Avera* factors are to be applied, at bottom the appropriateness of an interim award is a matter left to a special master's discretion. *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) (reading *Avera* as setting a "broad, discretionary vehicle for ensuring that petitioners are not punished financially while pursuing their vaccine claim"); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (*Avera* provides only "*examples* and *general guidance* concerning when interim fees and costs might be awarded, leaving the special masters broad discretion to consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original).

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002). Such costs include expert time incurred while working on a case. *Fester v. Sec'y of Health and Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Vaccine Program petitioners often receive interim awards for incurred[3] expert costs – most commonly following the expert's testimony at an entitlement hearing. *See, e.g.*, *Roberts v. Sec'y of Health & Human Servs.*, No. 09-427V, 2013 WL 2284989, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2013) (granting interim award of expert costs after conclusion of hearing but before issuance of entitlement decision); *Dobrydnev v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 134, 148 (2010) (determining that the special master erred in denying an interim fees and costs request to cover incurred expert costs where the expert had testified at hearing and needed to be compensated for prior work before he would be willing to testify at subsequent rebuttal proceeding); *see also Crutchfield v. Sec'y of Health & Human Servs.*, No. 09-39V, 2011 WL 3806351, at *8 (Fed. Cl. Spec. Mstr. Aug. 4, 2011) (granting an interim award of expert costs after the expert's testimony at an evidentiary hearing; although petitioner had paid cost of expert's report preparation, it was an undue hardship to require petitioner also to cover costs incurred after the expert testified at trial). However, there are also instances in which petitioners have obtained an interim award of expert costs before the expert testified. *See, e.g.*, *DiMatteo v. Sec'y of Health & Human Servs.*, No. 10-566V, 2014 WL 1509320 (Fed. Cl. Spec. Mstr. Mar. 27, 2014).

**Analysis**

Ms. Bell asks for an interim award of expert costs prior to the pending January 2016 entitlement hearing. As discussed above, one of the *Avera* criteria for an award of interim fees and costs is whether the matter requires the services of "costly experts." *Avera*, 515 F.3d at 1352. That question is best resolved by addressing the cost issue from an objective standpoint. *Fester*, 2013 WL 5367670, at *15 ("[a] petitioner or petitioner's counsel who has expended $100,000 in expert costs in a case that may be on review or appeal for several more years certainly presents a more compelling

---

[3] An important consideration in determining the propriety of an interim fees or costs request is whether the cost has been "incurred." *See* 42 U.S.C. § 300aa-15(e)(1) (special masters may only award reimbursement for costs "*incurred in any proceeding* on [the vaccine injury] petition") (emphasis added). Although the Vaccine Act does not explicitly define the term "incurred," it has been interpreted to mean "legally liable to pay." *Klein v. Sec'y of Health & Human Servs.*, No. 12-560V, 2013 WL 5428471, at *4 (Fed. Cl. Spec. Mstr. Aug. 14, 2013) (quoting *Black v. Sec'y of Health & Human Servs.*, 33 Fed. Cl. 546, 550 (1995)). An anticipated cost thus is not equivalent to an incurred cost.

3

case for an interim award than one who has only a $1,000 expert retainer cost outstanding"). Otherwise, "[t]o look at such cases subjectively would require delving into a law firm's or expert's financial situation, a requirement that would likely be repellant to the court and law firm alike." *Id.*

Petitioner's motion does not adequately substantiate why an interim award of expert costs is appropriate in this case. Although the case is a little over two years old, that does not make it especially protracted by Vaccine Program standards. *See, e.g.*, *Lumsden v. Sec'y of Health and Human Servs.*, No. 97-588V, 2012 WL 1450520, at *2 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (calling it "absurd" to deny that case over 15 years old was protracted). Nor are the costs for Drs. Axelrod and Morgan particularly high in comparison to those that have been generated by other experts. *See, e.g.*, *Faoro v. Sec'y of Health & Human Servs.*, No. 10-704V, 2014 WL 5654330 (Fed. Cl. Spec. Mstr. Oct. 15, 2014) (interim award of $23,130 in expert costs). Petitioner has also not established that her ability to prosecute this case will be harmed if reimbursement of such costs is not made prior to the hearing (for example, by demonstrating that her experts would not be willing to testify unless their costs are paid). And she has not represented that she expended the resources to pay her experts. Cost Mot. at 7 ("Petitioner is seeking only the out-of-pocket expenses of her counsel"). Such circumstances would, in my judgment, make an interim costs award more appropriate, even though I do not disagree that burden to counsel is a relevant factor (despite Respondent's assertions to the contrary).[4]

I take notice that Petitioner's counsel opted not to request an attorney's fees award at this time, which suggests an effort to minimize the magnitude of the interim award requested. In addition, I acknowledge that there is some burden imposed on Petitioner's counsel (and/or his law firm) in having to carry the approximately $14,000 in expert costs incurred (and paid) to date. And, as Petitioner points out, Respondent has not established any prejudice from my granting an interim award.

Yet the general factors that special masters consider in deciding whether to grant an interim costs award primarily focus on prejudice to the *requesting party*. *Avera*, 515 F.3d at 1352. Here, I see little such prejudice (beyond that typically imposed on litigants before a damages verdict is rendered in a similar kind of tort case). In effect, Petitioner requests an expert costs award mainly because it is available to Vaccine Program petitioners, and because counsel would prefer not to carry this particular cost. While such a preference is rational, it is not sufficient grounds for an interim fees and costs award – otherwise, "interim fees would be the norm." *McKellar*, 101 Fed. Cl. at 301. Given that the Vaccine Act's fee-shifting provision is uniquely liberal – virtually guaranteeing a fees and costs award

---

[4] Other special masters have rejected the idea that only hardship to the petitioner is relevant when weighing the propriety of an interim award of fees and/or costs. *See, e.g.*, *Becker v. Sec'y of Health & Human Servs.*, No. 13-687, 2014 WL 4923160, at *4 (Fed. Cl. Spec. Mstr. Sept. 11, 2014); *Calise v. Sec'y of Health & Human Servs.*, No. 08-865V, 2011 WL 2444810, at *2-3 (Fed. Cl. Spec. Mstr. June 13, 2011); *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) ("[t]he guidance offered by the Circuit in *Avera* was slim, but the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners *and their counsel*" in order to ensure that availability of a competent bar) (emphasis added).

to the majority of attorneys appearing in Vaccine Program cases – it does not also seem that every pre-hearing request for interim fees and costs merits granting simply due to a petitioner's request.

This matter goes to trial very soon. At the conclusion of the hearing, I will be far more inclined to entertain, and award (as promptly as possible), a similar request for an interim award – especially one that includes attorney's fees, as well as the costs Petitioner incurred by having her expert's testify. This will permit a single interim award pending my decision in the case, rather than require disposition of a second interim fees and costs petition. Petitioner is thus invited to renew the present interim request immediately upon conclusion of the hearing (and also to share in advance with Respondent her calculation of the fees and costs, to increase the likelihood that the parties can stipulate to the sum).

Accordingly, for the reasons stated above, and in accordance with the discretion afforded to me, Petitioner's request for an interim award of costs is **DENIED** at this time, with leave granted to renew, and supplement, the request after the entitlement hearing.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master