# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-709V
**(Not to be Published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| KRISTINE R. BELL, | \* | |
| | \* | Filed:  January 31, 2017 |
| Petitioner, | \* | |
| | \* | Special Master Corcoran |
| v. | \* | |
| | \* | Decision; Interim Attorney's Fees and |
| SECRETARY OF HEALTH AND | \* | Costs; Hepatitis B Vaccines; Acute |
| HUMAN SERVICES, | \* | Disseminated Encephalomyelitis |
| | \* | ("ADEM"). |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard H. Moeller*, Moore, Heffernan, Moeller & Johnson, LLP, Sioux City, IA, for Petitioner.

*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On September 23, 2013, Kristine Bell filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleged that the Hepatitis B vaccines that Petitioner received on January 16, 2012 and June 15, 2012, caused her to suffer from acute disseminated encephalomyelitis ("ADEM"). *See* Petition at 1. After an entitlement hearing was held on January 28-29, 2016, I issued a decision determining that Petitioner was not entitled to compensation. *See* Decision, filed on December 1, 2016 (ECF No. 77).

---

[1] Although I have not designated this decision for publication, because it contains a reasoned explanation for my actions in this case, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) (the "Vaccine Act" or "Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On February 19, 2016, the parties filed a stipulation for interim attorney's costs in the amount of $27,678.85 in connection with Petitioner's expert fees and expenses associated with the entitlement hearing, which I adopted by decision dated February 23, 2016. *See* Interim Fees Decision (ECF No. 64). Petitioner has now filed a motion requesting final attorney's fees and costs, dated January 6, 2017. *See* Motion for Attorney's Fees (ECF No. 79) ("Fees Motion"). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $117,570.42 (representing $107,242.50 in attorney's fees and $10,327.92 in costs). In addition, and in compliance with General Order No. 9, Petitioner represents that she incurred no litigation-related expenses in conjunction with this proceeding. ECF No. 81. Respondent stated in reaction that she was satisfied that the statutory requirements for an award of attorney's fees and costs has been met, but defers to my discretion to determine the amount of fees and costs that should be awarded. *See* Response to Motion for Attorney's Fees and Costs, filed on January 23, 2017 (ECF No. 82).

**ANALYSIS**

    **I.    Relevant Law Governing Fees Awards**

Vaccine Program petitioners who receive compensation for their injuries are by statute entitled to an award of "reasonable" attorney's fees and costs. Section 15(e)(1). It is for the special master to evaluate and decide whether the fees sought are in fact reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). To this end, special masters may, in the exercise of their discretion, reduce compensation for attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Unsuccessful petitioners may also be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, if the requested fees and costs are "reasonable"). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012).

Determining whether a petition was filed in good faith is a subjective inquiry, and can be established as long as the petitioner demonstrates an honest belief that she has suffered a compensable vaccine injury. *See Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993); *see also Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (petitioner is entitled to presumption of good faith). This element is therefore the more easily established of the two. *Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2013 WL 659574, at *7 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("[d]ue to its subjective nature, the standard

2

for good faith is very low"). Respondent has not questioned Petitioner's good faith in filing the case, and I do not find any grounds in the record to conclude the case was not so filed.

Determining a claim's reasonable basis involves application of objective criteria. *See McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 303-04 (2011) (citing *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375 (Fed. Cir. 1994)) ("[t]he petitioner must affirmatively establish a reasonable basis to recover attorneys' fees and costs."). An assessment of reasonable basis "look[s] not at the likelihood of success but more to the feasibility of the claim." *Di Roma*, 1993 WL 496981, at *1. Here, Respondent does not challenge the claim's reasonable basis. Moreover, and based upon my understanding of the claim after hearing and the fact and expert disputes present, I do not find that the case lacked reasonable basis.

## II. Evaluation of Amounts Requested for Petitioner's Attorney's Fees and Costs

Based upon prior awards to Mr. Moeller or similarly-situated counsel, I find that the hourly rates requested by Mr. Moeller are reasonable. I will also award all time billed to the matter by the Mr. Moeller, since it was reasonably incurred, in light of a general review of the timesheets submitted. The total I will award for attorney's fees is **$107,242.50**.

I will similarly award the full costs of **$4,952.92** requested for non-expert expenses associated with the hearing. Petitioner also accrued extra expert costs of $4,000.00 in order to evaluate MRI scans that were filed after the entitlement hearing was held. Fees Motion at 1. I note that the majority of the expert expenses were paid in the interim fee award and related to the January 2016 hearing. I find that amount to be reasonable, given that both experts provided an additional report following their record review. Pet'r's Ex. 38 at 39-42.

The final expert costs requested by Petitioner are for the initial review of the case, before it was filed, by Dr. Lawrence Shields, who billed for 2.75 hours at a rate of $500 per hour, for a total of $1,375.00. Pet'r's Ex. 38 at 38. I raise two main issues with the costs associated with Dr. Shields, and consequently I will not award the full costs requested.

First, it is not clear from the record exactly how Dr. Shields contributed to the Petitioner's case. It appears from the billing records of Mr. Moeller that Dr. Shields was retained to perform record review and also assist counsel in determining causation and reasonable basis, although he did not create an expert report, or testify in the case. Pet'r's Ex. 39 at 2. I have previously awarded expert costs for consulting experts (who more typically provide records review services, rather than opinions about a claim's strength), but at a much lower rate. *Lemaire v. Sec'y of Health & Human Servs.*, No. 13-681, 2016 WL 5224400 at *6 (Aug. 12, 2016) (awarding a consulting expert $200 an hour).

That brings me to the second issue of Dr. Shield's costs, his hourly rate. In determining whether an expert's hourly rate is appropriate, a special master may consider the expert's professional and

educational background, as well as the complexity of the information presented to him. *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *16. (Fed. Cl. Spec. Mstr. Nov. 10, 2015). That analysis is difficult to perform in this case given that Dr. Shield's background information was not provided, nor is it easily obtained online. Moreover, a rate of $500 an hour is generally considered to be at the high end of the range for the program. Id. at *17.

Given all of the above, I find that "rough justice" can be obtained by reducing Dr. Shield's rate to $400 an hour, and then awarding costs for 80 percent of his time (80% of 2.75 hours= 2.2. hours x $400= $880). *Dingle v. Sec'y of Health & Human Servs.*, No. 08–579V, 2014 WL 630473, at *8 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) (expert did not have "specialized knowledge and experience" in the case to justify his requested hourly rate of $500 and, accordingly, rate was reduced to $400 per hour).

## CONCLSUION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs as follows below.

|  | Amount Requested | Reduction | Total |
|---|---|---|---|
| Attorney's Fees | $107,242.50 | None | $107,242.50 |
| Non-expert Costs | $4,952.92 | None | $4,952.92 |
| Expert Costs | $5,375.00 | $495 | $4,880.00 |
| **Total Fees and Costs** | **$117,570.42** | **$495** | **$117,075.42** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.